CASE 30.—ACTION BY R. W. BRUNK AGAINST THE OHIO &
    KENTUCKY RAILWAY CO. AND THE LEXINGTON
    & EASTERN RY, CO. TO RECOVER THE VALUE
    OF LOST FREIGHT.—November 22.

# Brunk v. Ohio & Ky. Railway Co.

Appeal from Boyd Circuit Court.

S. G. KINNER, Circuit Judge.

From a judgment sustaining a plea to the jurisdiction of the Court plaintiff appeals—Affirmed.

1.  Carriers—Connecting Carriers—Loss of Goods—Action—Jurisdiction.—In an action against an initial and an intermediate carrier for loss of goods, it appeared that the initial carrier accepted plaintiff's goods for transportation to a town in another county into which the line of neither defendant ran; the bill of lading providing that the responsibility of each company should cease on delivery to a connecting carrier. Civil Code Prac., section 73, provides that an action against a carrier must be brought in the county in which defendant, or either of defendants, resides, or in which the contract is made, or in which the carrier agrees to deliver the property. Held, That a plea to the jurisdiction of the court in the county of final destination was properly sustained.

2.  Same—Limitation of Liability—Bill of Lading.—A common carrier may limit its liability for loss on connecting lines by a stipulation in the bill of lading that articles to be transported beyond its lines may be delivered to connecting lines for transportation to their destinations, and that its responsibility shall cease with such delivery.

3.  Same—Construction—"Forwarding" and "Delivering" Carriers.—In a bill of lading stipulating that the liability of a forwarding carrier for loss shall cease on delivery to the connecting carrier, and that of a delivering carrier on delivery at the station of delivery, the term "forwarding carrier" applies to

all carriers who transport goods to the delivering carrier, and the term "delivering carrier" to the carrier who actually delives the goods at their destination.

JOHN W. WOODS, Attorney for appellant.

The contention of appellant is that under sections 73 and 51 of the Civil Code of Practice he had a right to bring his action in Boyd county, the county in which appellees agreed to deliver his property, and to serve summonses on their passenger and freight agents stationed nearest the county seat of Boyd county. Appless-less contend that the contract to carry was separable and that there was no agreement intered into by either the initial carrier, the Ohio & Ky. Ry. Co., or the Lexington & Eastern Ry. Co. to deliver the property in Boyd county, and that therefore section 73 of the Code does not apply.

### AUTHORITIES CITED.

L. & N. R. R. Co. v. Carrico, 95 Ky., 491; Pittsburg, Chicago & St. L. Ry. Co. v. Viers, 113 Ky., 536; Chicago & E. I. Ry. Co. v. Chestnut Bros., 89 S. W., 298.

HAGER & STEWART, Attorneys for appellees.   . .

### PROPOSITIONS AND AUTHORITIES.

1. The contract in question conclusively shows that the under-taking of each of the appellee companies with appellant to carry the property in question, was several, and that the O. & K. Company limited its liability for damages or loss in carriage to such as might occur upon its own line, or upon the line of its connecting carrier. This it could lawfully do. (Bryant v. Memphis, etc., R. Co., 11 Bush, 597; U. S. Mail Co. v. Carrolton, etc., Co., 101 Ky., at page 622; Ireland v. M. & O. Ry. Co., 105 Ky., 400; P., C. & St. L. Co. v. Viers, 113 Ky., 526; Railroad Co. v. Tarter, 19 Ky. Law Rep., 230; Myrick v. R. Co., 107 U. S., 102; Elliott on Railroads, 1433; Hutchison on Carriers, sections 149b, 154; Southern Pac. Co. v. Interstate Commerce Com., 200 U. S., 536.)

2. The fact that the destination of a shipment received by a railroad for transportation is beyond its own line, or that it was received from another carrier to be transported to a point on its own line, does not create any joint responsibility between the connecting carriers, where the shipment over each is under

a separate contract limiting liability for loss or injuries to such as may occur on its own line. (Myrick v. Ry. Co., supra; Hutchison on Carriers, supra; 6 Cyc., 482; and for other cases in point, Cent. Dig., vol. 9, Carriers, sections 817-818.)

OPINION OF THE COURT BY WM. ROGERS CLAY, Commissioner—Affirming.

Appellant, R. W. Brunk, delivered to appellee Ohio & Kentucky Railway Company at Cannel City, Ky., a lot of household goods to be shipped to appellant at Ashland, Boyd county, Ky. Two boxes containing a portion of the goods were lost in transit. Thereupon appellant instituted this action in the circuit court of Boyd county against appellees, Ohio & Kentucky Railway Company and Lexington & Eastern Railway Company, to recover the sum of $210, the value of the goods lost, alleging that the Ohio & Kentucky Railway Company undertook and agreed for itself and its connecting lines, including the Lexington & Eastern Railway Company, to transport said goods to Ashland, Ky., but that appellees violated their contract by failing to deliver the two boxes as agreed. Summons was had upon the Ohio & Kentucky Railway Company by services upon its agent at Cannel City, Ky., and upon the Lexington & Eastern Railway Company by service upon its agent at Lexington, Ky.; neither of the two companies having an agent in Boyd county, and each of the persons served being the agent of his company stationed nearest to Boyd county. Appellees each filed an answer in the nature of a plea to the jurisdiction, accompanied by a motion to quash the summons and the return thereon. Each pleaded, in effect, that it did not have a line of railway extending to Ashland, Boyd county, Ky., or reside in that

county, and that the only contracts either had with
appellant was to transport the goods in question over
its line and deliver them to its connecting line, and
that the liability of each under the contract of ship-
ment ceased upon such delivery. A copy of the bill
of lading containing the contract of shipment was
filed. The trial court sustained the plea of each com-
pany to the jurisdiction, quashed the summons and
return thereon, and dismissed appellant's petition.
It is the contention of appellant that section 73 of
the Civil Code of Practice is applicable to this case.
So much of that section as is necessary to consider
is as follows: "Excepting the actions mentioned in
section 75, an action against a common carrier,
whether a corporation or not, must be brought in the
county in which the defendant, or either of several
defendants, resides, or in which the contract is made;
or in which the carrier agrees to deliver the prop-
erty." As neither of the appellees resides in Boyd
county, and the contract was not made in that county,
the jurisdiction of the Boyd circuit court depends
altogether upon the question whether or not there
was an agreement on the part of appellees to deliver
the property in Boyd county. It is pleaded by each
of appellees, and not controverted by appellant, that
neither had any such agreement with appellant, but
inasmuch as the bill of lading, constituting the only
contract of shipment, is filed in support of the pleas
to the jurisdiction, it will be necessary to consider
that instrument and determine from the provisions
thereof whether or not there was an agreement to.
deliver the goods in Boyd county. The bill of lading
is in part as follows: "Received, Cannel City, 8-15,
1905, by Ohio & Kentucky Railway Company, in
apparent good order, the packages (contents un-

known) mentioned below, to be forwarded in like good order to R. W. Brunk, at Ashland, Kentucky, subject to conditions noted below. [Here follows a description of the articles.] ·Conditions: * * * (2) That articles agreed to be transported to points beyond the lines of this company may be delivered to connecting lines for transportation to their destination, and that upon such delivery, the responsibility of this company shall cease except as to guaranty of the freight rate to be charged thereon. * * * (6) This contract is executed and accomplished, and the· liability of the common carriers thereunder terminates as to the forwarding carriers respectively on delivery to the next connecting carriers, and as to the delivering carriers of the goods or property at the station or depot of delivery,'' etc.

Counsel for appellant contends that the words, ''To be forwarded in like good order to R. W. Brunk, at Ashland, Kentucky,'' constitute an agreement on the part of the Ohio & Kentucky Railway Company and its connecting lines to deliver the goods at Ashland, Ky. It will be observed, however, that whatever · agreement those words import is subject to the conditions noted below, and those conditions are that the articles may be delivered to connecting lines for transportation to their destination, and thereupon the responsibility of the Ohio & Kentucky Railway Company ceases, and furthermore, that the liability of the forwarding carriers ceases on delivery of the . goods to the next connecting carrier, and that the liability of the delivering carrier ceases on delivery of the goods at the station or depot of delivery. It is manifest, therefore, that there is a difference between a forwarding carrier and a delivering carrier; the former term applying to all carriers who

Brunk v. Ohio & Ky. Railway Co.

transport goods to the delivering carrier, and the latter to the carrier who actually delivers the goods at their destination. Keeping this distinction in view, and taking into consideration the fact that the contract provides that the goods may be delivered to connecting lines, and that the liability of each road is limited to its own lines, it is perfectly plain that the only place where either of appellees agreed to deliver the goods was at the point of its connection with the next connecting line. The only carrier that agreed, if it received the goods, to deliver them at Ashland, Ky., was the delivering carrier, the Chesapeake & Ohio Railway Company, but that company is not before the court, nor is it sought to hold it liable on the contract of shipment. As neither of appellees agreed to deliver the goods in Boyd county, it necessarily follows that the plea of each company to the jurisdiction of the court was properly sustained.

Judgment affirmed.